CUSTIS (SHEDDEN v.). See Case No. 12,-736.

CUSTIS (UNITED STATES v.). See Case No. 14,909.

CUTLER (HINMAN v.). See Case No. 6,-524.

CUTLER (REA v.). See Case No. 11,599.

CUTLER (UNITED STATES v.). See Case No. 14,910.

CUTTER (ASHCROFT v.). See Case No. 578.

## Case No. 3,518.

### CUTTER v. DINGEE.

[8 Ben. 469; [1] 14 N. B. R. 294.]

District Court, S. D. New York. June Term, 1876.

INJUNCTION AND RECEIVER—USURY—FORECLOSURE —BAR BY DECREE.

A suit was brought in a state court, by D., to foreclose a mortgage made by I., in which suit a decree of foreclosure was made after the filing of a petition in bankruptcy against I., but before the service of an injunction upon D. After the adjudication in bankruptcy, D. enforced the decree in foreclosure by a sale, at which he bought the property, and the assignee in bankruptcy, having been appointed, filed a bill in equity to set aside the foreclosure sale, and the mortgage itself, as being usurious, and applied for an injunction and a receiver: Held, that the bill could not be sustained, because the decree of the state court was a bar to the right of the plaintiff to raise in this suit the question of usury in regard to the mortgage, and that the application must be denied.

This was a motion for an injunction and a receiver on behalf of the plaintiff [John C. Cutter], who, as assignee of Mary Irving and Benjamin H. Irving, filed a bill in equity against the defendant [Peter M. Dingee], by which he sought to set aside the purchase of certain real estate by the defendant, referred to in Re Irving [Case No. 7,073], in foreclosure proceedings instituted by him in a state court, and to set aside the mortgage on which such foreclosure proceedings were founded and the bond to secure which it was given, on the ground of usury. The motion was heard on the bill and answer, and on affidavits.

F. Fellowes, for plaintiff.

D. A. Hawkins, for defendant.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

BLATCHFORD, District Judge. The case made by the bill and affidavits on the part of the plaintiff, so far as usury is alleged, is fully met by the answer and the opposing affidavits. The usury, as alleged, could, if established, affect only the house and lot which were conveyed and the property which was mortgaged. If the machinery in the factory was covered by the mortgages, the foregoing observations apply to it. If it was not covered by the mortgages, then it is not involved in this suit. The bill prays for no relief as to such machinery, otherwise than as it was part of the mortgaged property.

As to the mortgaged property, the views announced in my decision, made herewith, in the contempt proceedings founded on the foreclosure of the mortgages (In re Irving [supra]), lead to the conclusion that the plaintiff can have no relief in this suit founded on any alleged invalidity in the foreclosure proceedings, or in the sale of the mortgaged property thereunder, on the idea that the sale was invalid because the decree of foreclosure and the sale were made after the bankruptcy proceedings were commenced, or because the assignee in bankruptcy was not made a party to such proceedings.

The bill, therefore, could not, in any event, be sustained as to the mortgaged property, for the reason that, as to it, the decree of the state court is a bar to any right of the plaintiff to raise the question of usury in regard to the mortgages, in this suit, even though the evidence for final hearing should sustain the allegations of usury in respect to the house and lot conveyed to the defendant.

The motion for an injunction and a receiver is denied.

---

CUTTER (NELSON v.). See Case No. 10,104.

CUTTER (REED v.). See Case No. 11,645.

CUTTER (UNITED STATES v.). See Case No. 14,911.

CUTTER (WHITTEMORE v.). See Cases Nos. 17,600 and 17,601.